UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:18-cr-56-VMC-CPT

LUIS ANTONIO SOLARZA ZAMBRANO

_____/

## ORDER

This cause is before the Court pursuant to Defendant Luis Antonio Solarza Zambrano's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 97), filed on December 14, 2023. The United States of America responded on January 22, 2024. (Doc. # 98). For the reasons that follow, the Motion is denied.

## I.    Background

In July 2018, this Court sentenced Zambrano to serve 135 months' imprisonment after he pleaded guilty to conspiracy to possess with the intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States. (Doc. # 49; Doc. # 74). Zambrano is 48 years old, and his estimated release date is October 18, 2026.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

Now, Zambrano seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 97). The United States opposes compassionate release. (Doc. # 98). The Motion is ripe for review.

## II.  **Discussion**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying

relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

Specifically, as to family circumstances, U.S.S.G. 1B1.13(b)(3) provides that the following are extraordinary and compelling circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. 1B1.13(b)(3).

As for medical issues, 1B1.13(b)(1) recognizes an extraordinary and compelling circumstance when — among other things — the defendant "is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority," "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency," and "such risk cannot be adequately mitigated in a timely manner." U.S.S.G. 1B1.13(b)(1)(D).

Here, assuming Zambrano has exhausted his administrative remedies, Zambrano is basing his argument on the medical issues and family circumstances categories of extraordinary and compelling circumstances.

The Court is not persuaded by Zambrano's argument. His argument about past conditions in his prison during the height of the Covid-19 pandemic does not qualify as an extraordinary and compelling circumstance under U.S.S.G. 1B1.13(b)(1)(D). Zambrano argues that "his time incarcerated during the Covid-

19 pandemic should be considered as exhibiting 'extraordinary and compelling' circumstances" because he "was subjected to conditions bordering on 'third-world style' inhumane treatment." (Doc. # 97 at 3). Specifically, during the pandemic, Zambrano "was placed on 24-hour lockdown, with cold bowed meals, for months on end, while the facility attempted to control the influx of Covid-19 positive cases in the institution." (Id.). However, the United States correctly points out that Zambrano does not allege that the conditions that existed during the Covid-19 pandemic are still in place at his facility. (Doc. # 98 at 7). Nor does Zambrano allege that he is ill because of these conditions or that there is a current Covid-19 outbreak in his facility to which he is especially susceptible. Thus, Zambrano has not established an extraordinary and compelling circumstance based on the prior conditions in his facility.

Additionally, Zambrano has not established an extraordinary and compelling circumstance based on his family circumstances. He does not allege that any of his immediate family members have died or become incapacitated such that Zambrano is needed to care for his children or other family members. Rather, Zambrano notes that his wife "struggles to provide for the family," including raising his two youngest

5

daughters and two grandchildren, because she is fifty-two years old with unspecified "health issues" and "make[s] a small income by sewing." (Doc. # 97 at 3). While his wife's struggle to care for the minor children on her income is unfortunate, this circumstance is not extraordinary and compelling. Because his wife is actively caring for the children and grandchildren and Zambrano has additional adult children, Zambrano is not the only available caregiver for his children and grandchildren. See United States v. Gonzalez, No. 11-CR-20474, 2024 WL 2716496, at *7 (S.D. Fla. May 28, 2024) ("Although the Court acknowledges Mr. Heflin-El's family members may be unable to consistently provide full-time care to Mr. Heflin-El — rather than simply being inconvenienced by doing so — § 1B1.13(b)(3)(D) is clear that Defendant must be the only available caregiver. The record demonstrates Defendant is one of several available caregivers.").

Nor is the Court convinced that Zambrano's alleged efforts at rehabilitation (Doc. # 97 at 4) support compassionate release here in the absence of another extraordinary and compelling reason. Thus, Zambrano has not established an extraordinary and compelling reason for compassionate release.

Finally, even if Zambrano had established an extraordinary and compelling reason, the Section 3553(a) factors do not weigh in favor of granting compassionate release at this time. Zambrano "was the navigator of a vessel transporting over 836 kilograms of cocaine in international waters," which is "a serious crime deserving of a significant prison sentence." (Doc. # 98 at 10). The Court is also troubled by an incident in Zambrano's disciplinary record. In January 2023, Zambrano was found to have accessed the ceiling of his facility through a security hatch and provided no explanation why he was there. (Doc. # 98 at 9 & Ex. A). Releasing him now, when he has served only over six years of his sentence, would not reflect the seriousness of his crime, would not deter future crimes of this nature, and would undermine respect for the law.

For all these reasons, the Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Luis Antonio Solarza Zambrano's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 97) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of August, 2024.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE